# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Aaron Olson & Minor Daughter,                   Civil No. 15-3131 (DWF/JSM)

      Plaintiffs,

v.                                              **ORDER ADOPTING REPORT**
                                                 **AND RECOMMENDATION**

Ramsey County,

      Defendant.

This matter is before the Court upon *pro se* Plaintiff Aaron Olson's ("Plaintiff") objections[1] (Doc. Nos. 10 & 11) to Magistrate Judge Janie S. Mayeron's July 31, 2015 Report and Recommendation (Doc. No. 7) insofar as it recommends that: (1) this action be dismissed without prejudice; (2) Plaintiff's application to proceed *in forma pauperis* ("IFP") be denied; (3) Plaintiff's motion for a protective order be denied; (4) this matter be unsealed and the name of Olson's minor daughter be redacted in the exhibits attached to Plaintiff's Complaint; and (5) Plaintiff Aaron Olson be restricted from filing new cases in this District Court unless he is represented by counsel or receives prior written authorization from a judicial officer in this District Court.

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b). The factual background for the above-entitled matter is clearly and

---

[1] Plaintiff was allowed an extension of his time to file objections by September 2, 2015. He filed his objections on September 1, 2015. (*See* Doc. Nos. 10 & 11.)

precisely set forth in the Report and Recommendation and is incorporated by reference for purposes of Plaintiffs' objections.

In the Report and Recommendation, Magistrate Judge Mayeron recommends that Plaintiff's IFP application be denied and that the action be dismissed without prejudice, and further that Plaintiff be restricted in his filings.  Specifically, the Magistrate Judge first explained that Plaintiff's IFP application is completely lacking in the requisite detail as Plaintiff declined to provide any of the information necessary for properly examining his IFP application, thereby leaving the Court to speculate.  Second, the Magistrate Judge addressed each of Plaintiff's claims, which she concluded failed to state a cause of action on which relief may be granted.  Specifically, with respect to Plaintiff's § 1983 claims, the Magistrate Judge concluded that Plaintiff fails to allege that the County itself, rather than officers and employees acting independently, have violated his constitutional rights and therefore the claims must fail.  With respect to Plaintiff's Americans with Disabilities Act ("ADA") claim, the Magistrate Judge concluded that Plaintiff has alleged no specific facts describing his disability and his allegation relating to restrictions based on his alleged disability "falls in the realm of the implausible."  (Doc. No. 7 at 7.) Finally, Plaintiff's Minnesota Human Rights Act claim is a state law claim and, lacking an independent jurisdictional basis over that claim, the Magistrate Judge recommended that the Court decline to extend supplemental jurisdiction in this case.  The Magistrate Judge further dedicated a number of pages to addressing her conclusion that Plaintiff is a vexatious litigant, who should be restricted in his new filings as a result.  Lastly, the

Magistrate Judge determined that there is no basis for sealing the lawsuit or its operative pleadings and recommended denying Plaintiff's Motion for an Order for Protection as a result.

Plaintiff has filed extensive self-styled objections to the Report and Recommendation. (*See* Doc. Nos. 10 & 11.) Plaintiff appears to object on the following grounds: (1) Plaintiff's minor daughter has a constitutional right to have counsel and have a parent make litigation decisions on her behalf; (2) Ramsey County has a policy of denying Plaintiff an annual grant of IFP status in violation of his constitutional rights; (3) Ramsey County has a policy requiring forms and the forms interfere with Plaintiff's rights due to Plaintiff's disability and therefore are in violation of the ADA and the Constitution; (4) Ramsey County failed to accommodate his mobility restrictions due to disability in violation of Plaintiff's rights, as well as his daughter's rights; (5) Ramsey County took an unreasonable amount of time to address Plaintiff's IFP application; (6) Plaintiff suffered substantial pain and suffering as a result of having to travel to court proceedings; (7) Plaintiff notes he received "contemptuous looks" by staff in Ramsey County; and (8) Plaintiff and his minor daughter have suffered severe and reasonable fear because they may be arrested by government policies seeking to secure children's safety and also Plaintiff and his daughter's movement has been restricted. (*See generally* Doc. No. 10.) Further, Plaintiff "strongly objects" to the Report and Recommendation's characterization of him as a vexatious litigant on the grounds that this question should go to a jury or otherwise violates his constitutional rights.

With respect to the Motion for Order for Protection, Plaintiff states "he is amicable to removing the seal over the entire case." (Doc. No 10 at 14.)  Plaintiff further notes that he would like to redact his filing to remove his minor daughter's name and to remove the sentences in his complaint that conflict with confidentiality procedures in state court, but are not necessary for this Court to rule on the issues before it.  Plaintiff would also like to be able to redact any sensitive medical information (Doc. No. 11 at 15-16), as well as information in his second affidavit (Doc. No. 11 at 1-2).  Finally, Plaintiff appears to request leave to amend his complaint.

Having carefully reviewed the record and considered Plaintiff's objections and any potentially new allegations, the Court concludes that they offer no basis for departure from the Report and Recommendation.  In his objections, Plaintiff appears to primarily reiterate the allegations outlined in his Complaint.  However, even to the extent that some of Plaintiff's allegations outlined in the objections can be considered new allegations, the undersigned still agrees with the Magistrate Judge's determination that Plaintiff's Complaint fails to state any claims for relief.  Put another way, considering all of Plaintiff's allegations, they are insufficient to survive a motion to dismiss for the reasons stated in the Report and Recommendation.  The Court thus concludes, as did Magistrate Judge Mayeron, that Plaintiff has failed to assert plausible claims against Defendant.  Consequently, the Court dismisses this matter.

The Court notes that, with respect to issues of redaction and confidentiality, the Court orders the Clerk of Court to redact all references to Plaintiff's daughter's name,

consistent with the Report and Recommendation. The Court has not been able to identify the sensitive medical information referenced by Plaintiff, thus his request to redact such information is denied. The Court also denies Plaintiff's request to redact his second affidavit as unnecessary. Finally, the Court also declines any request by Plaintiff to amend his Complaint at this juncture as moot.

Consequently, based upon the *de novo* review of the record and all of the arguments and submissions of the parties, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

1. Plaintiffs Aaron Olson and Minor Daughter's objections (Doc. Nos. [10] & [11]) to Magistrate Judge Janie S. Mayeron's July 31, 2015 Report and Recommendation are **OVERRULED**.

2. Magistrate Judge Janie S. Mayeron's July 31, 2015 Report and Recommendation (Doc. No. [7]) is **ADOPTED**.

3. This action (Doc. Nos. [1] & [4]) is **DISMISSED WITHOUT PREJUDICE**.

4. Plaintiff Aaron Olson's application to proceed *in forma pauperis* (Doc. No. [2]) is **DENIED**.

5. Plaintiff Aaron Olson's motion for a protective order (Doc. No. [3]) is **DENIED**.

6. This matter is **UNSEALED** and the name of Plaintiff Aaron Olson's minor daughter shall be **REDACTED** in the exhibits attached to Olson's Complaint (Doc. No. 1-1, pp. 2, 3, and 5).

7. Plaintiff Aaron Olson is restricted from filing new cases in this District Court unless he is represented by counsel or receives prior written authorization from a judicial officer in this District Court.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:   October 1, 2015        s/Donovan W. Frank
                                DONOVAN W. FRANK
                                United States District Judge